This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39737

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**UBALDO ZAYASACURIA,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITANCOURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant has appealed his convictions for DWI and speeding. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Defendant continues to argue that the metropolitan court erred in rejecting his defense of duress. [MIO 4-7] As we previously indicated, [CN 2] this amounts to a substantial evidence challenge, which entails the application of a highly deferential standard of review. *See State v. Rios*, 1999-NMCA-069, ¶¶ 22, 24, 127 N.M. 334, 980 P.2d 1068 (addressing a similar situation, and reviewing for substantial evidence). In this context, we cannot substitute our judgment for that of the fact-finder. *Id.* ¶ 24.

**{4}** Viewing the evidence in the light most favorable to the decision rendered below, as we must, *see id.*, we perceive no basis for second-guessing the metropolitan court's determination that Defendant had reasonable legal alternatives to continuing to drive while intoxicated. This is fundamentally a factual determination, premised upon reasonable inferences drawn from the evidence. "[A]s a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793.

**{5}** In closing, we once again acknowledge the fact that the evidence might have supported a different result. [CN 3] However, as we previously observed, [CN 3-4] the metropolitan court was not required to adopt Defendant's view of the situation, or to ultimately credit his claim of duress. *See, e.g.*, *Rios*, 1999-NMCA-069, ¶¶ 24-28 (similarly holding that substantial evidence supported a conviction for DWI, despite the defendant's prima facie showing in relation to his claim of duress).

**{6}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**